SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
RICHARD J. SIMMONS, Cal Bar No. 72666
JASON W. KEARNAGHAN, Cal Bar No. 207707
HILARY A. HABIB, Cal Bar No. 293431
NASIM A. KHANSARI, Cal Bar No. 320719
JAEMIE L. PARAON, Cal Bar No. 340735
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398
Email: rsimmons@sheppard.com
jkearnaghan@sheppard.com
hhabib@sheppard.com
NKhansari@sheppard.com
jparaon@sheppard.com

Attorneys for Defendants
DIGNITY COMMUNITY CARE and
DIGNITY HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTOR PECK and DAVID NELSON, individuals on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIGNITY COMMUNITY CARE; DIGNITY HEALTH; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. 3:26-cv-05902-EMC<br><br>**DEFENDANTS DIGNITY COMMUNITY CARE AND DIGNITY HEALTH'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendants Dignity Community Care and Dignity Health (collectively "Defendants"), for themselves alone and for no others, hereby answer the Second Amended Complaint of Plaintiffs Victor Peck ("Peck") and David Nelson ("Nelson" and together with Peck, "Plaintiffs") as follows:

**NATURE OF THE ACTION**

1. Answering Paragraph 1, Defendants admit that Plaintiffs brought this action as a putative California-wide class action and collective action, but Defendants deny that any class or subclasses should be certified. Defendants further deny that they have unlawfully credited standby payments against overtime liability or miscalculated the regular rate of pay under California law.

**JURISDICTION**

2. Answering Paragraph 2, Defendants admit that Plaintiffs have alleged that this Court has subject matter jurisdiction over the claims asserted in the Second Amended Complaint. Defendants deny each and every remaining allegation contained in Paragraph 2.

3. Answering Paragraph 3, Defendants admit that Plaintiffs have alleged that this Court has supplemental jurisdiction over the state law claims asserted in the Second Amended Complaint pursuant to 28 U.S.C. § 1367. Defendants deny each and every remaining allegation contained in Paragraph 3.

**VENUE**

4. Answering Paragraph 4, Defendants admit that Plaintiffs allege that venue is proper in this judicial district. Defendants deny each and every remaining allegation in Paragraph 4.

**PARTIES**

5. Answering Paragraph 5, Defendants deny that Plaintiff Victor Peck was employed by Dignity Community Care. Defendants admit that Peck worked as a non-exempt hourly technician at Bakersfield Memorial Hospital and that compensation was paid pursuant to Bakersfield Memorial Hospital's uncontrolled standby policy and/or any applicable Collective Bargaining Agreements. Defendants deny that they did not calculate Peck's regular rate of pay in accordance with applicable law. Defendants deny each and every remaining allegation contained in Paragraph 5.

6. Answering Paragraph 6, Defendants admit that Peck has been employed by Dignity Health. Defendants further admit that Peck is working as a non-exempt hourly technician at Mercy Southwest Hospital, and that compensation was paid pursuant to Dignity Health's uncontrolled standby policy and/or any applicable Collective Bargaining Agreements. Defendants deny that they did not calculate Peck's regular rate of pay in accordance with applicable law. Defendants deny each and every remaining allegation contained in Paragraph 6.

7. Answering Paragraph 7, Defendants admit that Nelson is currently employed by Dignity Health as a non-exempt hourly technician at Mercy Medical Center Redding since 2002, and that compensation was paid pursuant to Dignity Health's uncontrolled standby policy and/or any applicable Collective Bargaining Agreements. Defendants deny that they did not calculate Nelson's regular rate of pay in accordance with applicable law. Defendants deny each and every remaining allegation contained in Paragraph 7.

8. Answering Paragraph 8, Defendants admit that Dignity Community Care is a corporation that owns and operates healthcare facilities in California, including Sequoia Hospital in Redwood City. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Dignity Community Care employs more than 10,000 full-time employees, and on that basis deny the same. Defendants deny each and every remaining allegation contained in Paragraph 8.

9. Answering Paragraph 9, Defendants admit that Dignity Health is a corporation that owns and operates healthcare facilities in California, including Dominican Hospital in Santa Cruz. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Dignity Health employs more than 10,000 full-time employees, and on that basis deny the same. Defendants deny each and every remaining allegation contained in Paragraph 9.

10. Answering Paragraph 10, Defendants admit that, throughout the putative class period, Dignity Community Care and Dignity Health have operated out of the same corporate office located at 185 Berry Street in San Francisco. Defendants deny each and every remaining allegation contained in Paragraph 10, including that Dignity Community Care and Dignity Health have had common ownership and management.

11. Answering Paragraph 11, Defendants state that the allegations in Paragraph 11 regarding Plaintiffs' awareness of the true names and capacities of the DOE defendants and their intent to amend the complaint are matters within Plaintiffs' own knowledge to which no response by Defendants is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, and on that basis deny the same. Defendants specifically deny that any of the DOE defendants is responsible or liable for the conduct alleged in the Second Amended Complaint, deny that Plaintiffs have suffered any damages, and deny that any DOE defendant proximately caused any injury to Plaintiffs.

12. Answering Paragraph 12, the allegations contained in Paragraph 12 are legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the specific acts, omissions, and things purportedly done by each defendant, and on that basis deny the same. Defendants deny each and every remaining allegation contained in Paragraph 12.

13. Answering Paragraph 13, Paragraph 13 sets forth a defined term to which no responsive pleading is required.

## FACTUAL ALLEGATIONS

14. Answering Paragraph 14, Defendants admit that they employ certain non-exempt hourly healthcare professionals throughout California. Defendants deny each and every remaining allegation contained in Paragraph 14.

15. Answering Paragraph 15, Defendants admit that some non-exempt hourly employees were paid compensation pursuant to the respective Defendants' uncontrolled standby policies and/or any applicable Collective Bargaining Agreements. Defendants deny each and every remaining allegation contained in Paragraph 15.

16. Answering Paragraph 16, the allegations contained in Paragraph 16 characterize the intent or purpose of standby pay and constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations regarding the intended purpose of standby pay, and on that basis deny the same.

17. Answering Paragraph 17, Defendants deny each and every allegation contained in Paragraph 17.

18. Answering Paragraph 18, Defendants deny each and every allegation contained in Paragraph 18.

19. Answering Paragraph 19, Defendants deny each and every allegation contained in Paragraph 19.

20. Answering Paragraph 20, the allegations contained in Paragraph 20 are legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 20.

**REPRESENTED PARTIES UNDER FLSA COLLECTIVE ACTION**

21. Answering Paragraph 21, Defendants admit that Plaintiffs purport to bring this action as a collective action on behalf of themselves and a putative collective, but Defendants deny that collective treatment is appropriate in this case. Defendants deny each and every remaining allegation contained in Paragraph 21.

**CLASS ACTION ALLEGATIONS**

22. Answering Paragraph 22, Defendants admit that Plaintiffs purport to bring the California state law claims as a class action on behalf of themselves and a putative class pursuant to Federal Rule of Civil Procedure 23, but Defendants deny that class treatment is appropriate in this case. Defendants deny each and every remaining allegation contained in Paragraph 22.

23. Answering Paragraph 23, Paragraph 23 is a statement of Plaintiffs' intent to which no responsive pleading is required. To the extent a response is required, Defendants deny that class treatment is appropriate regardless of any amendment or modification to the class description or the establishment of subclasses.

24. Answering Paragraph 24, Defendants admit that Plaintiffs have brought this action as a putative class action, but Defendants deny that this action may properly be maintained as a class action under Rule 23 and deny each and every remaining allegation contained in Paragraph 24.

25. Answering Paragraph 25, Defendants deny each and every allegation contained in Paragraph 25.

26. Answering Paragraph 26, Defendants deny each and every allegation contained in Paragraph 26.

27. Answering Paragraph 27, Defendants deny each and every allegation contained in Paragraph 27.

28. Answering Paragraph 28, Defendants deny each and every allegation contained in Paragraph 28.

29. Answering Paragraph 29, Defendants deny that Plaintiffs will fairly and adequately represent and protect the interests of the members of the putative California Class. With respect to the allegation that Plaintiffs' counsel are competent and experienced in litigating employment class actions, Defendants lack knowledge or information sufficient to form a belief about the truth of that allegation, and on that basis deny the same.

30. Answering Paragraph 30, Defendants deny each and every allegation contained in Paragraph 30.

31. Answering Paragraph 31, Defendants deny each and every allegation contained in Paragraph 31.

**FIRST CAUSE OF ACTION**

**Class Action Claim for Failure to Pay Overtime (Labor Code §§ 510, 1194)**

**(Against all Defendants and DOES 1 to 10, inclusive)**

32. Answering Paragraph 32, Defendants hereby incorporate their answers to Paragraphs 1 through 31 above as if fully set forth herein.

33. Answering Paragraph 33, the California Labor Code provisions cited speak for themselves and require no response. To the extent a response is required, Defendants deny any allegations inconsistent with the text of those provisions and deny each and every remaining allegation contained in Paragraph 33.

34. Answering Paragraph 34, the California Labor Code provisions cited speak for themselves and require no response. To the extent a response is required, Defendants deny any

allegations inconsistent with the text of those provisions and deny each and every remaining allegation contained in Paragraph 34.

35. Answering Paragraph 35, Defendants deny each and every allegation contained in Paragraph 35.

36. Answering Paragraph 36, Defendants deny each and every allegation contained in Paragraph 36.

37. Answering Paragraph 37, Paragraph 37 sets forth a request for relief to which no responsive pleading is required. To the extent a response is required, Defendants deny the same and further deny that Plaintiffs or any putative class member is entitled to any relief whatsoever, including unpaid overtime and/or double-time compensation, interest, attorneys' fees, or costs.

**SECOND CAUSE OF ACTION**

**Class Action Claim for Unfair Business Practices (Business & Professions Code § 17200, *et seq.*)**

**(Against all Defendants and DOES 1 to 10, inclusive)**

38. Answering Paragraph 38, Defendants hereby incorporate their answers to Paragraphs 1 through 31 above as if fully set forth herein.

39. Answering Paragraph 39, the allegations contained in Paragraph 39 are legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 39.

40. Answering Paragraph 40, the allegations contained in Paragraph 40 are legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 40.

41. Answering Paragraph 41, to the extent Paragraph 41 purports to state Plaintiffs' intent to enforce rights affecting the public interest, that is a statement of Plaintiffs' litigation position to which no responsive pleading is required. To the extent a response is required, Defendants deny that their conduct was or continues to be unfair, unlawful, or harmful to Plaintiffs, any putative class member, or the general public, and deny each and every remaining allegation contained in Paragraph 41.

42. Answering Paragraph 42, the allegations contained in Paragraph 42 are legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 42.

43. Answering Paragraph 43, Paragraph 43 sets forth a request for relief to which no responsive pleading is required. To the extent a response is required, Defendants deny the same and further deny that Plaintiffs or any putative class member is entitled to any relief whatsoever.

**THIRD CAUSE OF ACTION**

**Collective Action Claim for Violation of the Fair Labor Standards Act (29 U.S.C. §§ 207, 216)**

**(Against all Defendants and DOES 1 to 10, inclusive)**

44. Answering Paragraph 44, Defendants hereby incorporate their answers to Paragraphs 1 through 31 above as if fully set forth herein.

45. Answering Paragraph 45, the allegations that Defendants were an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA are legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny each and every such allegation. With respect to the allegation that Defendants grossed more than $500,000 in each of the last three calendar years, Defendants lack knowledge or information sufficient to form a belief about the truth of that allegation, and on that basis deny the same. Defendants deny each and every remaining allegation contained in Paragraph 45.

46. Answering Paragraph 46, Defendants admit that they employed certain non-exempt hourly health care professionals, including Plaintiffs. To the extent Paragraph 46 alleges the existence of a defined "FLSA Collective," that characterization is a legal conclusion to which no responsive pleading is required; to the extent a response is required, Defendants deny the same. With respect to the allegation that such employment existed "at all relevant times," Defendants lack knowledge or information sufficient to form a belief about the truth of that allegation as framed, and on that basis deny the same. Defendants deny each and every remaining allegation contained in Paragraph 46.

47. Answering Paragraph 47, Defendants acknowledge that Exhibit 1 to the Second Amended Complaint appears to contain consent to sue forms signed by Plaintiffs pursuant to section 16(b) of the FLSA. With respect to the allegation that other putative FLSA Collective members will likely sign consent to sue forms and join as opt-in plaintiffs, Defendants lack knowledge or information sufficient to form a belief about the truth of that allegation, and on that basis deny the same. Defendants deny each and every remaining allegation contained in Paragraph 47.

48. Answering Paragraph 48, the Fair Labor Standards Act provisions cited speak for themselves and require no response. To the extent a response is required, Defendants deny any allegations inconsistent with the text of those provisions and deny each and every remaining allegation contained in Paragraph 48.

49. Answering Paragraph 49, to the extent Paragraph 49 alleges that Defendants' conduct violates 29 U.S.C. § 207, that allegation is a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny that they unlawfully credited standby payments against the amount of premium overtime compensation owing when Plaintiffs and other putative FLSA Collective members worked in excess of forty hours in a workweek. Defendants deny each and every remaining allegation contained in Paragraph 49.

50. Answering Paragraph 50, the allegation that the foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) is a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 50, including but not limited to the allegation that Defendants' conduct was willful or intentional.

51. Answering Paragraph 51, Paragraph 51 sets forth a request for relief to which no responsive pleading is required. To the extent a response is required, Defendants deny the same and further deny that Plaintiffs or any putative FLSA collective member is entitled to any relief whatsoever, including unpaid overtime, liquidated damages, attorneys' fees, or costs.

## FOURTH CAUSE OF ACTION

**Representative Claim for Civil Penalties (Cal. Labor Code § 2698, *et seq.*)**

**(Against all Defendants and DOES 1 to 10, inclusive)**

52. Answering Paragraph 52, Defendants hereby incorporate their answers to Paragraphs 1 through 51 above as if fully set forth herein.

53. Answering Paragraph 53, Defendants deny each and every allegation contained in Paragraph 53.

54. Answering Paragraph 54, Defendants deny each and every allegation contained in Paragraph 54.

55. Answering Paragraph 55, Paragraph 55 is a statement of Peck's intent to which no responsive pleading is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 55.

56. Answering Paragraph 56, Defendants admit that a document purporting to be a PAGA notice was submitted to the California Labor & Workforce Development Agency and to Dignity Health on or about June 22, 2026. Defendants state that the purported notice speaks for itself and deny any characterization of it that is inconsistent with its text. Defendants deny each and every remaining allegation contained in Paragraph 56, including that any Labor Code provision was violated or that the facts and theories in the purported notice support any violation.

**57.** Answering Paragraph 57, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding whether and when the Labor and Workforce Development Agency provided notice of an intention to investigate, and on that basis deny the same. Defendants admit that more than 65 days have passed since the filing of the purported PAGA notice based on the date of the letter, but deny that Peck or any allegedly aggrieved employee is entitled to recover any civil penalties, pursuant to Labor Code section 2699 or otherwise. Defendants deny each and every remaining allegation contained in Paragraph 57.

## PRAYER FOR RELIEF

The Prayer for Relief sets forth requests for relief to which no responsive pleading is required. To the extent a response is required, Defendants deny the same and further deny that Plaintiffs or any putative class, collective, or allegedly aggrieved employee is entitled to any of the relief sought or any relief whatsoever.

**GENERAL DENIAL**

Defendants deny all allegations in the Second Amended Complaint that are not specifically admitted above.

**DENIAL OF HEADINGS**

Defendants have restated the headings from the Second Amended Complaint in this Answer. Defendants deny those headings in their entirety to the extent they purport to assert factual allegations or legal conclusions.

**AFFIRMATIVE DEFENSES**

Defendants allege the following affirmative defenses. In doing so, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where that burden properly belongs to Plaintiffs.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. As to Plaintiffs' Second Amended Complaint, or any purported cause of action therein alleged, Plaintiffs fail to state facts sufficient to constitute claims upon which relief can be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

2. To the extent Plaintiffs seek to recover for actions that took place outside the applicable limitations period, their claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 338 and 343, California Business and Professions Code section 17208, California Labor Code section 2699.3, and 29 U.S.C. § 255.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

3. Defendants are informed and believe and, based thereon, allege that Plaintiffs failed to mitigate their purported damages, if any, and to the extent of that failure to mitigate, their claims are barred.

**FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith and Reasonableness)**

4. Defendants are informed and believe and, based on such information and belief, allege the Second Amended Complaint is barred, in whole or in part, because any acts alleged to have been committed by Defendants were committed in the exercise of good faith, with probable cause, were not arbitrary or capricious, were based upon legitimate factors, and were reasonable and justified under the circumstances. At all times relevant, Defendants acted with honesty of purpose and without any improper motive, purpose or means.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

5. Defendants are informed and believe and, based on such information and belief, allege that Plaintiffs are estopped by their conduct from recovering any relief by the Second Amended Complaint or any purported cause of action alleged therein.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6. Defendants are informed and believe and, based on such information and belief, allege that by their conduct, Plaintiffs have waived any right to recover any relief by the Second Amended Complaint, or any purported cause of action alleged therein.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

7. Defendants are informed and believe and, based on such information and belief, allege that Plaintiffs' Second Amended Complaint and each purported claim for relief asserted therein is barred in whole or in part by the doctrine of laches because Plaintiffs unreasonably delayed in bringing this action.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8. Defendants are informed and believe and, based on such information and belief, allege that by their conduct, Plaintiffs' Second Amended Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Set-Off/Offset/Recoupment)**

9. Some or all of the purported causes of action in the Second Amended Complaint are subject to setoff, offset, and/or recoupment.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Pay Not Willful)**

10. Plaintiffs are not entitled to damages under Labor Code section 203 since Defendants did not willfully fail to comply with the compensation provisions of California Labor Code section 200, *et seq*., but rather acted in good faith and had reasonable grounds for believing that they did not violate the compensation provisions of California Labor Code section 200, *et seq*.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Settlement/Release)**

11. Defendants are informed and believe, and based upon such information and belief allege, that some, or all, of the claims alleged by Plaintiffs in their Second Amended Complaint are barred to the extent that they were released in a settlement, in whole or in part. Such release(s) constitute a complete or partial bar to the present action under the doctrine of res judicata.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Consent)**

12. The alleged conduct of Defendants complained of in the Second Amended Complaint was approved of, consented to, authorized, and/or ratified by Plaintiffs through their actions, omissions and course of conduct; accordingly, the Second Amended Complaint and each purported cause of action therein are barred.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Outside the Scope of Authority)**

13. Even if Plaintiffs were subjected to unlawful conduct (which Defendants deny), Defendants are not liable for such conduct insofar as it was carried out by agents or employees acting outside the course and scope of their authority and without Defendants authorizing, ratifying, or condoning such acts with actual or constructive knowledge of the unlawful conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Privilege / Justification)**

14. Defendants' conduct, to the extent it occurred as alleged, was permissible, privileged, and justified. At all times, Defendants were exercising their legal right to conduct their business affairs in a manner that was lawful and consistent with applicable law and community standards, and at all times had a good-faith belief that they had a legal right to engage in such conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Penalties – Good Faith Dispute)**

15. Plaintiffs cannot recover civil penalties because any alleged failure to pay wages was based on a good faith dispute regarding the applicable law or facts.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(FLSA Good Faith Defense)**

16. Defendants acted in good faith and had reasonable grounds for believing that their pay practices did not violate the Fair Labor Standards Act. Accordingly, Plaintiffs' FLSA claims are barred, in whole or in part, and any liquidated damages should be reduced or eliminated pursuant to 29 U.S.C. §§ 259 and 260.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Class and Collective Action Certification Should Be Denied)**

17. Plaintiffs' claims are not appropriate for class treatment under Federal Rule of Civil Procedure 23 or for collective treatment under 29 U.S.C. § 216(b). Plaintiffs cannot satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, or superiority.

Individual issues predominate over any common questions of law or fact, and the proposed class and collective are not ascertainable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Exclusion from Regular Rate)**

18. To the extent any compensation paid to Plaintiffs or members of the putative California Class or FLSA Collective is properly excludable from the regular rate of pay under applicable federal or California law - including but not limited to payments for non-worked call-back guarantee hours under 29 U.S.C. § 207(e) and corresponding California law, paid time off and leave payments under 29 U.S.C. § 207(e)(2), and payments not made as compensation for hours worked - Plaintiffs' claims based on any alleged miscalculation arising from such payments are barred in whole or in part.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Offset for Overpayments)**

19. To the extent Defendants made any payments to Plaintiffs or members of the putative California Class or FLSA Collective in excess of what was legally required under California law or the FLSA for any pay period, Defendants are entitled to an offset against any damages alleged to be owing.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(LMRA Preemption)**

20. Defendants are informed and believe and, based on such information and belief, allege that some or all of Plaintiffs' claims, and the claims of putative class and collective members, are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to the extent that resolution of such claims requires interpretation or application of the terms of a collective bargaining agreement. Accordingly, the Second Amended Complaint, and each purported cause of action alleged therein, is barred in whole or in part.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Exemption from Overtime Under Collective Bargaining Agreement – Labor Code § 514)**

21. Defendants are informed and believe and, based on such information and belief, allege that the Second Amended Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiffs and some or all putative class members were covered by a valid collective bargaining agreement that provided a regular hourly rate of pay of not less than thirty percent (30%) more than the state minimum wage and premium wage rates for all overtime hours worked, thereby exempting Defendants from the overtime provisions of the California Labor Code pursuant to Labor Code section 514.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Exemption from Daily Overtime Under Collective Bargaining Agreement – Labor Code § 511)**

22. Defendants are informed and believe and, based on such information and belief, allege that the Second Amended Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiffs and some or all putative class members were covered by a valid collective bargaining agreement that expressly provided for the wages, hours of work, and working conditions of the employees, and provided premium wage rates for all overtime hours worked and a regular hourly rate of pay of not less than thirty percent (30%) more than the state minimum wage, thereby exempting Defendants from the daily overtime provisions of the California Labor Code pursuant to Labor Code section 511.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Alternative Workweek Schedule)**

23. Defendants are informed and believe and, based on such information and belief, allege that the Second Amended Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiffs and some or all putative class members worked pursuant to a validly adopted alternative workweek schedule within the meaning of Labor Code sections 511 and 514 and the applicable Industrial Welfare Commission Wage Order, and therefore were not

entitled to daily overtime compensation for hours worked within the parameters of such alternative workweek schedule.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Collateral Estoppel)**

24. Defendants are informed and believe and, based on such information and belief, allege that Plaintiffs' claims, and the claims of putative class and collective members, are barred, in whole or in part, by the doctrine of collateral estoppel.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

25. Defendants are informed and believe and, based on such information and belief, allege that Plaintiffs lack standing to assert the Second Amended Complaint or any purported cause of action alleged therein, including but not limited to claims asserted on behalf of putative class and collective members who were subject to different terms and conditions of employment.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Inform Employer of Alleged Violations / Avoidable Consequence)**

26. Plaintiffs' Second Amended Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs did not inform Defendants of any alleged unpaid wages prior to filing a lawsuit. Plaintiffs therefore did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiffs prior to the time they filed their claims.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Misrepresentation)**

27. Plaintiffs' claims are barred, in whole or in part, because in doing the things alleged in the Second Amended Complaint, Defendants acted in reliance on misrepresentations by Plaintiffs and putative class and collective members, including but not limited to misrepresentations regarding hours worked.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Primary Jurisdiction Doctrine)**

28. The Second Amended Complaint should be abated in the Court's discretion, and Plaintiffs and putative class and collective members should be required to pursue administrative remedies with the Division of Labor Standards Enforcement or the Labor and Workforce Development Agency, which have primary jurisdiction over Plaintiffs' claims.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Loss / Unjust Enrichment)**

29. Plaintiffs have not suffered any loss and Defendants have not been unjustly enriched as a result of any action or inaction of Defendants or their agents. Hence, Plaintiffs are not entitled to any restitution.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Fault of Plaintiff / Other Parties)**

30. Any injury or damage allegedly suffered by Plaintiffs and putative class and collective members was caused or contributed to by the negligence, fault, bad faith, breach of contract, or other wrongful or tortious conduct of Plaintiffs and/or persons or entities other than Defendants, and such conduct offsets, eliminates, or comparatively reduces the liability, if any, of Defendants.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Unmanageable Action)**

31. The Second Amended Complaint, and each and every purported cause of action alleged therein, cannot be maintained on a class or collective basis due to a multitude of unmanageable individualized issues. Proceeding on a class or collective action basis would deprive Defendants of due process.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Internal Remedies)**

32. Defendants are informed and believe and, based on such information and belief, allege that the Second Amended Complaint, and each and every purported cause of action therein,

is barred because Plaintiffs and putative class and collective members unreasonably failed to exhaust available internal remedies and failed to take advantage of preventive and corrective opportunities provided by Defendants to avoid any alleged harm, and that Plaintiffs and putative class and collective members failed to notify, complain, and/or mention to Defendants' management any alleged unlawful conduct.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No Liability as Employer)**

33. Plaintiffs have failed to meet their burden inasmuch and to the extent that one or more of the Defendants was not Plaintiffs' employer as alleged by Plaintiffs and therefore is not liable for alleged damages arising from alleged violations of labor and employment laws and related claims arising therefrom.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Contractual Justification)**

34. Defendants are informed and believe and, based on such information and belief, allege that the Second Amended Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendants' actions were consistent with and authorized by the express terms of the applicable collective bargaining agreements and/or employment agreements between Defendants and Plaintiffs and putative class and collective members, including the provisions governing compensation, standby pay, and overtime. To the extent Defendants' compensation practices are alleged to violate the Labor Code or the FLSA, such practices were undertaken in reasonable reliance upon and in conformity with the contractual obligations agreed to by Plaintiffs and putative class and collective members.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Compliance with Law / Safe Harbor)**

35. Defendants are informed and believe and, based on such information and belief, allege that the Second Amended Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendants complied with, or in good faith reasonably believed they were in compliance with, the requirements of the California Labor Code, the applicable

Industrial Welfare Commission Wage Orders, the Fair Labor Standards Act, and all other applicable provisions of federal and state law. Defendants' pay practices, including the calculation of the regular rate of pay and the treatment of standby payments, were adopted and administered in a manner that Defendants reasonably and in good faith believed to be consistent with applicable law.

**<u>THIRTY-SIXTH AFFIRMATIVE DEFENSE</u>**

**(Absence of Joint Employer Liability)**

36. Each Defendant is informed and believes and, based on such information and belief, alleges that the Second Amended Complaint, and each purported cause of action alleged therein, is barred as to it because it was not the employer, joint employer, or co-employer of Plaintiffs or putative class and collective members within the meaning of the California Labor Code, the applicable Industrial Welfare Commission Wage Orders, or the Fair Labor Standards Act. Each Defendant denies that it and the other Defendant constitute an integrated enterprise or single employer for purposes of the claims alleged.

**<u>THIRTY-SEVENTH AFFIRMATIVE DEFENSE</u>**

**<u>(Incorrect Employer / Misjoinder)</u>**

**37.** Defendants are informed and believe and, based on such information and belief, allege that the Second Amended Complaint, and each purported cause of action alleged therein, is barred as to one or more Defendants because such Defendant was not the employer of Plaintiffs or putative class and collective members or allegedly aggrieved employees, and has therefore been improperly named as a party to this action.

**<u>THIRTY-EIGHTH AFFIRMATIVE DEFENSE</u>**

**<u>(Inadequate PAGA Notice)</u>**

38. Answering Paragraph 38, Defendants are informed and believe and, based on such information and belief, allege that the Second Amended Complaint, and the Fourth Cause of Action alleged therein, is barred, in whole or in part, because Peck failed to provide adequate written notice to the California Labor & Workforce Development Agency as required by Labor Code section 2699.3. Specifically, Peck's purported PAGA notice failed to set forth, with the requisite factual specificity, all of the theories, claims, and factual bases now alleged in the Second Amended

Complaint. To the extent Peck's purported notice did not encompass the full scope of the claims and theories alleged in the Second Amended Complaint, such claims are barred for failure to exhaust administrative remedies.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Representative Action)**

39. The Second Amended Complaint does not state facts sufficient to permit Peck to proceed on behalf of others in a representative capacity under the PAGA or other means, including but not limited to (a) because some or all of Peck's claims are not suitable for determination or litigation on a representative basis, (b) Peck is not an "aggrieved employee" within the meaning of PAGA as to some or all of the alleged violations, and (c) Peck lacks standing to bring claims for civil penalties under PAGA because he has failed to identify the allegedly aggrieved employees on whose behalf he purports to sue.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Unmanageability of Statewide Representative Claims)**

40. Defendants are informed and believe and, based on such information and belief, allege that the Second Amended Complaint, and the Fourth Cause of Action alleged therein, cannot be maintained on a representative basis to the extent Peck seeks to represent allegedly aggrieved employees across multiple Dignity Community Care and Dignity Health facilities throughout California, across multiple job categories, and across varying employment agreements, compensation structures, and workplace policies. The individualized inquiries required to adjudicate the claims of such a disparate group of purported aggrieved employees, including differences in contractual terms, standby pay policies, and the circumstances of each alleged violation, render this action unmanageable as a representative proceeding and would deprive Defendants of their right to due process under the United States and California Constitutions.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Civil Penalties Unconstitutional – Due Process)**

41. The penalties sought in the Second Amended Complaint violate the Due Process Clauses of the United States and California Constitutions.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(PAGA Violates Constitutional Equal Protection)**

42. Defendants assert that Peck's claims under PAGA, or some of them, are barred because PAGA violates the Equal Protection Clause of the United States and California Constitutions.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(PAGA Violates Supremacy Clause)**

43. Defendants assert that Peck's claims under PAGA, or some of them, are barred because PAGA violates the Supremacy Clause of the United States.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(PAGA Violates Constitutional Separation of Powers Doctrine)**

44. Defendants assert that Peck's claims under PAGA, or some of them, are barred because PAGA violates the separation of powers doctrine and is unconstitutional, both in general and as applied to this case.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)**

45. Defendants allege that assessment of civil penalties in this action would be unjust, arbitrary and oppressive, or confiscatory within the meaning of Labor Code section 2699(e)(2).

**RESERVATION OF DEFENSES**

Defendants presently have insufficient knowledge or information to determine whether additional, as-yet-unasserted affirmative defenses may exist, and therefore expressly reserve the right to assert additional affirmative defenses if investigation, discovery, or further proceedings indicate that such defenses are appropriate.

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That all relief sought by Plaintiffs be denied and the Second Amended Complaint be dismissed in its entirety, with prejudice;

2. That Defendants be awarded their costs and disbursements associated with this action, including reasonable attorneys' fees, to the maximum extent allowed by law; and

3. That the Court grant such other and further relief as it deems just and proper.

Dated: October 15, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Nasim A. Khansari*

RICHARD J. SIMMONS
JASON W. KEARNAGHAN
HILARY A. HABIB
NASIM A. KHANSARI
JAEMIE L. PARAON

Attorneys for Defendants
DIGNITY COMMUNITY CARE and
DIGNITY HEALTH