United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PECK, et al.,<br>Plaintiffs,<br>v.<br>DIGNITY COMMUNITY CARE, et al.,<br>Defendants. | Case No. 26-cv-05902-EMC<br>**ORDER RE REQUEST TO STAY DISCOVERY**<br>Docket No. 30 |

In this putative class action, Defendants have filed a Motion to Stay the Action Pending Resolution of Related Proceedings. Dkt. No. 28. That motion is scheduled for hearing on December 3, 2026. Defendants have also filed a request to stay discovery pending resolution of the underlying Motion to Stay, which is now before the Court. Dkt. No. 30.

Because the underlying Motion to Stay is scheduled for hearing in less than a month, any prejudice to Plaintiffs from a stay would be minimal. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (prejudice resulting from a stay should be considered when deciding whether to grant a stay); *Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC*, 2013 WL 12122695, at *3 (D. Haw. Nov. 27, 2013) (prejudice to nonmoving party of a stay of discovery would be minimal where stay would be less than 60 days). On the other hand, Defendants have likely already produced some of the documents Plaintiffs seek in related litigation, such as their policies related to overtime pay. Production of other documents, such as Plaintiffs' payroll records, would be minimally burdensome. *See CMAX, Inc.*, 300 F.2d at 268 (hardship to moving party of requiring the litigation to proceed is relevant to whether to issue a stay).

In addition, the Court finds that the underlying Motion to Stay is unlikely to dispose of the entirety of the current case. *See Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349,

352 (N.D. Cal. 2003) (a stay of discovery may be appropriate where the pending motion is potentially dispositive and can be decided absent additional discovery). The related cases also allege failure to pay overtime wages, but their claims involve a different factual basis from the instant case and they do not bring a claim under the federal Fair Labor Standards Act. Thus, even if the Court were to grant the underlying Motion to Stay and those proceedings were resolved, some claims would likely remain in this case.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' request to stay discovery. Defendants shall produce the following to Plaintiffs no later than **November 18, 2026**.

1) All documents constituting Defendants' policies regarding calculation and payment of standby and overtime pay;
2) Plaintiff Peck's personnel file; and
3) Records of wages and payments to Plaintiff Peck.

All other discovery is **STAYED** pending resolution of the underlying Motion to Stay.

**IT IS SO ORDERED**.

Dated: November 6, 2026



EDWARD M. CHEN
United States District Judge